UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RORY BISSON,

    Plaintiff,

v.                                             Case No.:  2:24-cv-488-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## **OPINION AND ORDER**

Plaintiff Rory Bisson seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C. Procedural History

On September 8, 2022, Plaintiff applied for a period of disability and disability insurance benefits and for supplemental security income, alleging disability beginning on December 31, 2021. (Tr. 17, 241-49). The applications were denied initially and on reconsideration. (Tr. 75, 76, 91, 92). Plaintiff requested a hearing and on July 20, 2023, a hearing was held before Administrative Law Judge Rita Foley ("ALJ"). (Tr. 36-74). On August 28, 2023, the ALJ entered a decision finding Plaintiff had not been under a disability from December 31, 2021, through the date of the decision. (Tr. 17-30). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on April 4, 2024. (Tr. 1-5).

Plaintiff began this action by Complaint (Doc. 1) filed on May 28, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

## D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through June 30, 2024. (Tr. 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2021, the alleged onset date. (Tr. 19). At step two, the ALJ found that Plaintiff had the following severe impairments: "chronic diarrhea; gastroesophageal reflux disease (GERD); asthma; obesity; anxiety; depression." (Tr.

19). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 25).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except he must never climb or be exposed to unprotected heights or operate dangerous machinery. He can have occasional exposure to extreme cold, extreme heat, and environmental pulmonary irritants such as fumes, odors, dusts, and gases. The claimant is limited to routine and repetitive tasks performed in a work environment free from fast-paced assembly line type production requirements involving only simple work-related decisions, and with few, if any workplace changes. He is limited to occasional interaction with coworkers and cannot perform tandem work tasks with others. He is limited to brief and superficial interaction with the general public.

(Tr. 21-22).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work as an airline security representative. (Tr. 27). At step five of the sequential evaluation process, the ALJ found that considering Plaintiff's age (39 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 28-29). Specifically, the

vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

    (1)   Marker, DOT[1] 209.587-034, light, SVP 2

    (2)   Final Inspector, DOT 727.687-054, light, SVP 2

    (3)   Small Products Assembler, DOT 739.687-030, light, SVP 2

(Tr. 29). The ALJ concluded that Plaintiff had not been under a disability from December 31, 2021, through the date of the decision. (Tr. 29).

## II.   Analysis

On appeal, Plaintiff raises two issues:

    (1)   Whether the ALJ erred by failing to account for the limiting effects of Plaintiff's severe impairment of chronic diarrhea in the RFC assessment; and

    (2)   Whether the ALJ improperly assessed Plaintiff's subjective complaints by not considering Plaintiff's strong work history.

(Doc. 14, p. 1).

### A.   Severe Impairment of Chronic Diarrhea

Plaintiff argues that even though the ALJ assessed Plaintiff's chronic diarrhea as a severe impairment, the ALJ included no limitations in the RFC for this impairment. (Doc. 14, p. 7). The Commissioner contends that the ALJ specifically addressed Plaintiff's chronic diarrhea, noting the limited treatment for this

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

impairment, and found he remained capable of work at the light exertional level. (Doc. 16, p. 5). The Court disagrees.

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

In the decision, the ALJ listed chronic diarrhea as one of Plaintiff's severe impairments. (Tr. 19). The ALJ also found that Plaintiff's severe impairments "significantly limit the ability to perform basic work activities as required by SSR 85-28." (Tr. 19). The ALJ acknowledged that Plaintiff testified that he experienced constant or chronic diarrhea and he planned his day around this condition. (Tr. 23). The ALJ also noted that irritable bowel syndrome was ruled out, a stool study was unremarkable, Plaintiff had not sought treatment with a specialist for this condition,

a colonoscopy was unremarkable, and Plaintiff was negative for colitis. (Tr. 23, 24, 25). After these findings, the ALJ simply stated, "[t]he claimant can perform light work." (Tr. 25). In assessing the State agency medical consultants' opinion who found Plaintiff had no severe physical impairments, the ALJ acknowledged that Plaintiff complained of chronic diarrhea to his primary care provider who treated the condition. (Tr. 17). The ALJ then stated, "[t]hus, in the light most favorable to the claimant, the undersigned finds the claimant has severe physical impairments. Therefore, the consultant's opinions are partially persuasive." (Tr. 27).

Even though the ALJ found Plaintiff's chronic diarrhea a severe impairment at step two, she failed to articulate what significant functional work limitations were caused by this severe impairment. Or, if none, then she needed to state that this impairment was non-severe. *See Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, at *5 (M.D. Fla. Sept. 22, 2021) (citing *Battles v. Colvin*, No. 8:15-cv-339-T-33TGW, 2016 WL 3360428, at *3 (M.D. Fla. May 20, 2016), *report and recommendation adopted sub nom. Battles v. Comm'r of Soc. Sec.*, No. 8:15-CV-339-T-33TGW, 2016 WL 3258423 (M.D. Fla. June 14, 2016). While the ALJ seemed to discount Plaintiff's chronic diarrhea symptoms in the decision by noting Plaintiff was not diagnosed with irritable bowel syndrome or colitis, had an unremarkable colonoscopy, and had a normal stool sample, the ALJ still found Plaintiff's chronic diarrhea a severe impairment. Such a finding means that this

condition significantly limits Plaintiff's ability to perform basic work activities. (Tr. 29). The ALJ cannot have it both ways. *Battles*, 2016 WL 3360428, at *3. In other words, she had to articulate what significant limitations chronic diarrhea caused or, if none, then find this impairment was non-severe. *Battles*, 2016 WL 3360428, at *3.

The Court should not be left to speculate about the functional impact caused by a severe impairment, such as chronic diarrhea, and whether such impact was reflected in the RFC. *See Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, at *5 (M.D. Fla. Sept. 22, 2021). Remand is warranted given the ALJ's failure to clearly articulate the exact limitations caused by Plaintiff's chronic diarrhea in his functional ability to work.

## B.     Remaining Issue

Plaintiff also challenges whether the ALJ properly considered Plaintiff's subjective statements about his excellent work history. Rather than deciding this issue, because this action is remanded on other grounds that may affect the remaining issue, on remand, the Commissioner is directed to reconsider this issue as well.

## III.    Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's impairment of chronic diarrhea and any functional work limitations caused by this impairment

and to consider Plaintiff's prior work history. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on April 11 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties